**SIGNED this 9 day of June, 2025.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **KEVIN LAMAR MCCORMICK.** | ) | **CHAPTER 13 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 25-70188-JTL** |
| | ) | |
| | ) | |
| | ) | |
| **KEVIN LAMAR MCCORMICK,** | ) | |
| | ) | **ADVERSARY NO. 25-7004** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CARRINGTON MORTGAGE SERVICES, LLC** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1

**MEMORANDUM OPINION ON THE**
**DEFENDANT'S MOTION TO DISMISS**

The above-styled matter is before the Court on a motion to dismiss filed by the Defendant, Carrington Mortgage Services, LLC in this adversary proceeding filed by the Plaintiff, Kevin McCormick. Def.'s Mot. to Dismiss, Doc. 12. The Defendant argues that the Plaintiff's allegations fail to state a claim for which relief can be granted under 12(b)(6) because, assuming the allegations are true, the Defendant's alleged conduct would not violate 11 U.S.C. § 362. *Id*. The Court finds that the Defendant's failure to remove the online and newspaper advertisements of the Plaintiff's property for foreclosure is insufficient to support a finding that the Defendant violated the automatic stay of 11 U.S.C. § 362.

I.    **FACTUAL FINDINGS AND PROCEDURAL POSTURE**

For purposes of this motion to dismiss, the Court assumes the factual allegations of the Plaintiff's complaint to be true. The Defendant holds a lien and security interest on the Plaintiff's residence located at 909 East Seventh Street, Ocilla, GA 31774 ("Property") and the Plaintiff had defaulted on payments. Pl.'s Compl., Doc. 1. Prior to the filing of the Plaintiff's bankruptcy case, the Property was noticed for a foreclosure scheduled for April 1, 2025. *Id*. On February 24, 2025, the Plaintiff filed a Chapter 13 bankruptcy primarily to prevent the pending foreclosure of the lien on the Property. *Id*. On that same day, Plaintiff's counsel notified the Defendant that the Plaintiff had filed bankruptcy. *Id*.

On March 3, 2025, the Plaintiff observed a notice advertising the Property for foreclosure in a local newspaper ("Foreclosure Notice"). *Id*. The Plaintiff contacted the attorney listed in the Foreclosure Notice and the attorney stated they had no active foreclosure pending on the Property and directed him to contact the Defendant. *Id*. The Defendant stated they had no active foreclosure pending on the Property. *Id*. The Plaintiff requested that the Defendant remove the listing with the newspaper and the Defendant responded they had done so. *Id*. The Plaintiff subsequently contacted the local newspaper that contained the Foreclosure Notice, and the newspaper responded they had not been notified by the Defendant to remove the Foreclosure Notice. *Id*.

2

On March 13, 2025, the Plaintiff observed that the Property was listed for foreclosure auction via the online application Zillow ("Online Ad"). *Id*. at Ex D. The Plaintiff notified the Defendant in writing on March 13 that it had twenty-four hours to stop the foreclosure and have the advertisements taken down, or he would initiate an adversary proceeding against the Defendant for violating the automatic stay. *Id*. at Ex. E. Having received no response, the Plaintiff initiated this adversary proceeding on March 14, 2025. The foreclosure did not take place on April 1, 2025. Hr'g Held. The Defendant filed this motion on May 16, 2025, to which the Plaintiff responded on May 30, 2025. Def.'s Mot. to Dismiss, Doc. 12, Pl.'s Resp. with Opp'n, Doc. 15. The Court heard arguments on the motion on June 3, 2025, and took the matter under advisement. Hr'g Held.

## II.    LEGAL ANALYSIS

The Defendant argues that this matter should be dismissed under Federal Rule of Bankruptcy Procedure Rule 7012 which incorporates Federal Rule of Civil Procedure Rule 12(b)(6) because the Plaintiff did not state a claim under which relief can be granted. Def.'s Mot. to Dismiss, Doc. 12. "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) (internal citations and quotations omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 664.

The Defendant first argues publication of the Foreclosure Notice and the Online Ad were initiated prepetition and, thus, did not violate the automatic stay. Def.'s Mot. to Dismiss, Doc. 12. The Plaintiff did not dispute that the Defendant began advertising the sale prior to the filing of the bankruptcy case, so the Court does not need to address this argument.

The parties focused most of their pleadings and oral arguments addressing the main contention that, by not cancelling the Foreclosure Notice and the Online Ad as alleged by the Plaintiff, the Defendant

violated the automatic stay. Def.'s Mot. to Dismiss, Doc. 12, Pl.'s Resp. with Opp'n, Doc. 15., Hr'g Held. The automatic stay, as prescribed in 11 U.S.C. § 362(a)(3), prohibits post-petition "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The Plaintiff argues that, by not removing the advertisements as requested, the Defendant violated the automatic stay through omission. Pl.'s Compl., Doc. 1.

The Court finds that failing to cancel foreclosure advertisements does not violate the automatic stay. The Court is persuaded by analogous case law addressing advertising foreclosure continuances during the pendency of a debtor's bankruptcy case. While the Eleventh Circuit has not addressed this issue, the Third, Sixth, and Ninth Circuits have all found that advertising the continuance of a foreclosure sale during a debtor's bankruptcy case does not violate the automatic stay. In the Ninth Circuit case of *In re Roach*, 660 F.2d 1316, 1319 (9th Cir. 1981), the foreclosing creditors published notices stating that a foreclosure would not occur on the previously set date but included a new date for the foreclosure sale during the pendency of the bankruptcy case. The Ninth Circuit found that actively publishing continuation notices of a foreclosure advertising a new date set for sale did not violate the automatic stay, but "merely maintained the status quo" of the creditor's position. *Id*. The Third and the Sixth Circuits came to similar conclusions on this issue. *See Taylor v. Slick*, 178 F.3d 698 (3d Cir.1999); *Worthy v. World Wide Fin. Servs., Inc.,* 192 Fed.Appx. 369 (6th Cir.2006).

In this case, the Defendant did not take active steps to readvertise a foreclosure or reset the date of the continued foreclosure. The Defendant simply failed to remove a listing of a foreclosure in a timely manner after the Plaintiff's request. Failing to remove the Foreclosure Notice and Online Ad two weeks prior to the advertised sale of the property, while potentially uncomfortable for the Plaintiff, does not constitute a violation of the automatic stay.

This interpretation of 11 U.S.C. § 362(a)(3) is bolstered by the Supreme Court's recent opinion in *City of Chicago, Illinois. v. Fulton*, 592 U.S. 154 (2021). In that case, the City of Chicago refused to release cars impounded to debtors under § 362(a)(3), claiming that merely retaining possession of property of the estate is insufficient to violate the automatic stay. *Id*. at 157. The Supreme Court agreed

4

with the City of Chicago, stating that "something more than merely retaining power [over property of the estate] is required" to violate the automatic stay. *Id*. at 159. The Supreme Court noted that "omissions can qualify as 'acts' in certain contexts," but added "that a person engages in an 'act' to 'exercise' his or her power over a thing communicates more than merely 'having' that power." *Id.* at 158.

While the Defendant in this case had the power to remove the listing during the period requested by the Plaintiff, the Court finds their failure to do so was not an act by omission as to rise to a violation of the automatic stay under the Supreme Court's analysis in *City of Chicago*. While removing the Foreclosure Notice and Online Ad promptly after repeated requests by the Plaintiff would have been best practice, the Defendant's failure to do so is insufficient to warrant a finding that the Defendant violated the stay.

The parties also expended significant effort in arguing whether the foreclosure would have gone through had the Plaintiff not initiated this adversary proceeding. Hr'g Held. The Plaintiff specifically was distressed that an adverse ruling by the Court would encourage further bad faith actions on behalf of foreclosing mortgage creditors. *Id*. The Court does not condone the actions of the Defendant through this ruling; however, the Court need not address hypothetical situations as to what could have happened had the Plaintiff not filed this adversary proceeding, and instead solely focuses on the matter as to whether the stay was violated in these limited circumstances.

### III.   CONCLUSION

The Court grants the Defendant's motion to dismiss and will enter an order accordingly.

END OF DOCUMENT